**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-LDP1,<br><br>    Plaintiff,<br><br>    v.<br><br>COBALT REALTY, LLC, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 10-5093 (MLC)<br><br>**MEMORANDUM & ORDER** |

**THE PLAINTIFF** moving for summary judgment in its favor, pursuant to Federal Rule of Civil Procedure ("Rule") 56 (dkt. entry no. 27); and the Defendants opposing the motion (dkt. entry no. 29); and the Magistrate Judge previously ordering that the "parties will have until 5/4/11, to conclude all fact discovery in this matter" (dkt. entry no. 25, 1-4-11 Pretrial Scheduling Order ("PSO")); and it appearing the Defendants have served Initial Interrogatories (dkt. entry no. 29, Def. Br. at 5, 7); and it further appearing that the Plaintiff has yet to respond (id.; dkt. entry no. 27, Pl. Br. at 2); and

**THE COURT** observing that it "is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery," Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007); and Rule 56(d) allowing a court to deny a motion for

summary judgment where the party opposing the motion shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, Fed.R.Civ.P. 56(d);[1] and the Court observing that a motion pursuant to this Rule must identify the particular information sought, how the information would preclude summary judgment, and why the information has not been previously obtained, St. Surin v. V.I. Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994); Bobian v. CSA Czech Airlines, 232 F.Supp.2d 319, 323 (D.N.J. 2002), aff'd, 93 Fed.Appx. 406 (3d Cir. 2004); and

**THE DEFENDANTS** failing to expressly cite Rule 56(d); but the Defendants specifying that "[d]ocuments which [the P]laintiff has failed to produce include the original note, a complete accounting of all rents received, an authenticated assignment or any underlying documentation reflecting the securitization of the loan" (dkt. entry no. 29-2, Cert. Of Steve Kogut at 1-2); and the Defendants averring that this discovery bears upon "[the P]laintiff's standing to institute this foreclosure action" (id. at 4); and

**THE COURT** distinguishing this case from those where the non-movant seeks additional discovery or extension of discovery

---

[1] Rule 56(d) is the amended prior Rule 56(f), and took effect on December 1, 2010. Gross v. Best Plastics, LLC, No. 10-1028, 2010 WL 5325915, at *5 n.4. (D.N.J. Dec. 17, 2010).

deadlines, see N'Jie v. Mei Cheung, No. 09-919, 2011 WL 809990, at *7 (D.N.J. Mar. 1, 2011) (denying request to delay summary judgment decision where plaintiffs had adequate time to complete discovery and failed to comply with discovery demands on multiple occasions); and the Court further distinguishing it from those where the non-movant has failed to pursue discovery at all, see Barber v. Ellis, No. 08-49, 2010 WL 2546068, at *4 (D.N.J. June 21, 2010) ("if there is still discovery outstanding which Plaintiff believes is necessary for him to adequately oppose Defendant's motion for summary judgment, it is only still outstanding because of Plaintiff's failure to seek said discovery within the allotted discovery period"); and

**THE PSO** having been entered on January 4, 2011 (1-4-11 Pretrial Scheduling Order); and it appearing that the Defendants duly served discovery demands on the Plaintiff on January 18, 2011 (Def. Br. at 3); and the deadline for completing discovery being on May 4, 2011 (1-4-11 Pretrial Scheduling Order); and

**THE COURT** determining that the Defendants' demand constitutes discovery necessary for the Defendants to oppose the Plaintiff's motion for summary judgment, see Evans v. Port Auth. Trans-Hudson Corp., No. 99-5901, 2003 WL 25749089, at *17 (D.N.J. July 1, 2003) (denying motion for summary judgment as premature where plaintiffs diligently pursued discovery, although affidavit procedure pursuant to former Rule 56(f) not strictly followed);

and the Court being mindful that the Magistrate Judge previously ordered this time period for discovery; and the Court noting that the Plaintiff is not harmed by this short delay, because it is collecting rents through a Receiver as per the Court's previous Order (dkt. entry no. 11, 10-28-10 Order); and the Court thus intending to deny the motion without prejudice pursuant to Rule 56(d); and

**THE COURT** deciding the motion without oral argument, <u>see</u> Fed.R.Civ.P. 78(b); and for good cause appearing:

**IT IS THEREFORE** on this    5th    day of April, 2011, **ORDERED** that the Plaintiff's motion for summary judgment (dkt. entry no. 27) is **DENIED WITHOUT PREJUDICE,** with leave to move again, upon a new notice of motion and in accordance with the Federal Rules of Civil Procedure and Local Civil Rules, upon the completion of discovery.

                                                s/ Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge