**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as Trustee for the Registered Holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-LDP1 | CIVIL ACTION NO. 10-5093 (MLC) |
| | **O P I N I O N** |
| Plaintiff, | |
| v. | |
| COBALT REALTY, LLC, et al., | |
| Defendants. | |

    **PLAINTIFF**, U.S. Bank, National Association ("the Bank") brought this mortgage foreclosure action against Defendants, Cobalt Realty, LLC ("Cobalt") and Cobalt's sole managing member, Steve Kogut.  (See dkt. entry no. 1, Compl.; dkt. entry no. 75-1, Kogut Certification at ¶ 1.)  It is undisputed that: (1) Cobalt borrowed money from the Bank's predecessor-in-interest to purchase certain real property ("the Property"); (2) Cobalt executed a promissory note ("the Note") in favor of the Bank's predecessor-in-interest, which was secured by a mortgage on the Property ("the Mortgage"); (3) Kogut guaranteed Cobalt's obligations under the Note; and (4) Cobalt and Kogut executed a separate environmental indemnity agreement ("EIA") in favor of the Bank's predecessor-in-interest. (See dkt. entry no. 75-3, Br. in Supp. at 1; dkt. entry no. 78,

Opp'n Br. at iv; dkt. entry no. 78-1, EIA.)  It is similarly undisputed that the Bank now holds its predecessor's interests in the Note, Mortgage, and EIA.  (See Br. in Supp. at 1 n.1; Opp'n Br. at iv.)

DEFENDANTS moved to enforce a settlement agreement against the Bank, arguing that they and the Bank entered into a valid and enforceable settlement agreement.  (See dkt. entry no. 75, Notice of Mot.; see Br. in Supp. at 1-10.)  They specifically argued that the Bank agreed to extinguish any pending and potential claims that it might bring against Kogut, including those related to or arising out of the EIA.  (See Br. in Supp. at 3-10.)

DEFENDANTS noted that the Bank's former attorney drafted a written settlement agreement, setting forth the agreed-upon, essential terms emanating from the parties' settlement agreement. (See Br. in Supp. at 3.)  That document includes the following language:

> GENERAL RELEASE.  It is the express intent of the
> Parties to fully extinguish each and every claim brought
> by, or that could have been brought by, [the Bank] or
> Kogut in the Action relating in any way to subject
> matter of or any transactions or events described in or
> forming the basis for the Action.

(Kogut Certification, Ex. B, Settlement Agreement & Mutual Release at ¶ 6.)  Defendants also note that the Bank's former attorney similarly and subsequently conveyed to the Court that the Bank had

agreed to grant "a broad release" to Kogut.  (Br. in Supp. at 4 (quoting dkt. entry no. 54, Tr. of 7-12-11 Hearing, at 3).)

**THE BANK** opposed the Motion on three principal grounds.  (See Opp'n Br.)  First, the Bank argued at length that the parties did not enter into a valid and enforceable settlement agreement because they lacked "mutuality of accord", i.e., a meeting of the minds as to the essential terms of such an agreement.  (See id. at 1-8.)  It specifically contended that the parties disputed whether settlement would extinguish Kogut's liability under the EIA.  (See id. at 3-8.)  Second, the Bank argued by reference to a "Survival" clause in the EIA that the parties lacked the ability to extinguish Kogut's liability under the EIA.  (Id. at 5 (citing EIA at ¶ 9).) Third, assuming that the parties entered into a valid and enforceable settlement agreement that extinguished Kogut's liability under the EIA, the Bank argued that its former attorney lacked the authority to enter into such an agreement on its behalf. (See id. at 8-9.)

**THE COURT** referred the Motion to the Magistrate Judge, who filed proposed findings and recommendations pursuant to Local Civil Rule 72.1(a)(2) on March 22, 2013.  (See dkt. entry no. 90, 3-22-13 Report & Recommendation ("R&R").)  The Magistrate Judge there stated that the evidence of record supported the Motion, and proposed that the Court find both that the parties (1) had entered

3

into a valid and enforceable settlement agreement, and (2) released
Kogut from liability under the EIA when crafting that agreement.
(See id. at 9.)  The Magistrate Judge stated that "it was [the
Bank's] prerogative to carve out an exception for [Kogut's
liability under] the [EIA], and the fact that [the Bank] failed to
do so does not indicate a lack of mutual assent or result in their
agreement being rendered unenforceable."  (Id.)

**THE MAGISTRATE JUDGE** also concluded that the Bank's argument
that its former attorney lacked the authority to enter into a
settlement agreement was "without merit."  (Id.)  The Magistrate
Judge explained both that "the burden to show that an attorney
acted without authority is a heavy one," and the Bank "simply
provides no adequate support for this assertion."  (Id.)

**THE BANK** has timely objected to the R&R.  (See dkt. entry no.
92, Objection to the R&R ("Objection").)  The Bank now argues that
the Magistrate Judge failed to recite or apply the correct standard
of review.  (See id. at 2-3.)  It correctly notes that a motion to
enforce settlement is subject to the same well-settled standard of
review as a motion for summary judgment.  (See id.)  See Tedesco
Mfg. Co., Inc. v. Honeywell Int'l Inc., 371 Fed.Appx. 316, 320 (3d
Cir. 2010) (citing Tiernan v. Devoe, 923 F.2d 1024, 1031-32 (3d
Cir. 1991)).  The Bank also contends that the Magistrate Judge
erred by concluding that the parties reached a meeting of the minds

4

concerning the extinguishment of Kogut's liability under the EIA. (See id. at 3-8.)

THE COURT resolves the Objection on the papers and without oral argument pursuant to Local Civil Rule 78.1(b).

THE LOCAL CIVIL RULES provide the procedural mechanism for objecting to and resolving objections to Magistrate Judge reports and recommendations. A party objecting to a Magistrate Judge's report and recommendation "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." L.Civ.R. 72.1(c)(2). That rule instructs the Court to "make a de novo determination of those portions to which objection is made." Id.

THE COURT, as evidenced by the clear and unambiguous language of Local Civil Rule 72.1(c)(2), has no obligation to review those portions of a report and recommendation to which no objection is made. Accordingly, the Court will not review the arguments raised in support of the Motion that were not identified or otherwise referenced in support of the Objection. Specifically, the Court will not address the Bank's arguments that: (1) the parties lacked the ability to release Kogut from liability under the EIA; and (2) its former attorney lacked the authority to enter into a settlement agreement on its behalf. Effectively, the Bank has waived those arguments. See L.Civ.R. 72.1(c)(2).

**THE COURT** has, pursuant to the Objection and the Local Civil Rules, conducted a de novo review of the evidence submitted upon the Motion, insofar as it concerns the Bank's sole remaining argument, i.e., that the parties did not enter into a valid and enforceable settlement agreement.  See id.  (See Objection at 3-8.) We note that the "construction and enforcement of settlement agreements in federal court is governed by state law."  Shernoff v. Hewlett-Packard Co., No. 04-4390, 2006 WL 3497798, at *2 (D.N.J. Dec. 4, 2006), aff'd, 302 Fed.Appx. 83 (3d Cir. 2008).  The parties agree that the Motion is governed by New Jersey law.

**NEW JERSEY LAW** provides that "[a]n agreement to settle a lawsuit is a contract, which, like all contracts, may be freely entered into and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce."  Id. Furthermore:

> [i]n accordance with traditional contract law principles, a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms.  Further, an oral agreement as to the essential terms of a settlement is valid even though the parties later intend to reduce their agreement to a formal writing.  As long as the basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intention to be bound.

Id. (citations omitted) (internal quotation marks omitted).

**THE EVIDENCE OF RECORD** here demonstrates that the parties
entered into a valid and binding agreement to settle this action,
and that the terms of settlement included extinguishment of Kogut's
liability under the EIA.  It appears that the Bank originally
offered Kogut a release only for those claims that actually arose
in this action.  (See dkt. entry no. 78-3, Lichtenstein
Certification, Ex. C, 7-1-11 E-mail from Lichtenstein to Ragonese.)
But the evidence of record demonstrates the parties' later meeting
of the minds, insofar as they agreed to extinguish all actual and
potential claims against Kogut, including those arising under the
EIA.

**THE BANK** twice evinced its intent to include such a release in
the parties' settlement agreement.  First, the Bank prepared the
Settlement Agreement & Mutual Release, which included a release
extinguishing, among other claims, those that (1) were or could
have been brought against Kogut in this action, and (2) related to
the subject matter of the transactions underlying this action --
i.e., the Property.  (See Settlement Agreement & Mutual Release at
¶ 5.)  Certainly, claims relating to Kogut's liability under the
EIA -- which necessarily concerned the Property -- could have been
brought in this action.  See Fed.R.Civ.P. 18(a) ("A party asserting
a claim . . .  may join, as independent or alternative claims, as
many claims as it has against an opposing party.")  Second, the

7

Bank evinced that intent during a colloquy before the undersigned. On July 12, 2011, the Bank informed the Court that the parties had reached a "global settlement," which included "a broad general release to Mr. Steve Kogut."  (Tr. of 7-12-11 Hearing at 2, 3.)

**THE COURT**, for good cause appearing, will thus enter a separate Order, thereby: (1) incorporating the R&R as part of the Court's findings of fact and conclusions of law; and (2) granting the Motion.

                                                     s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge

Date:      April 16, 2013